UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                Case No. 26-CR-55

KATERICA JOHNSON,

        Defendant.

## PLEA AGREEMENT

1.      The United States of America, by its attorneys, Brad D. Schimel, United States Attorney for the Eastern District of Wisconsin, and Stephen A. Ingraham, Assistant United States Attorney, and the defendant, Katerica Johnson, individually and by attorney John W. Campion, Associate Federal Defender, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement.

### <ins>CHARGE</ins>

2.      In connection with this plea agreement, the defendant has been charged in an information, which alleges theft of property government property in violation of Title 18, United States Code, Sections 641 and 2(a).

3.      The defendant has read and fully understands the charge contained in the information and fully understands the nature and elements of the crime with which she has been charged. The charge and the terms and conditions of the plea agreement have been explained to her fully by her attorney.

1

4. The defendant voluntarily agrees to plead guilty to the information, set forth in full as follows:

**THE UNITED STATES ATTORNEY CHARGES THAT:**

On or about April 20, 2021, in the State and Eastern District of Wisconsin,

**KATERICA JOHNSON,**

knowingly aided and abetted the theft of property of the United States, that is, $700 in federal pandemic unemployment funds to which she was not entitled, with intent to convert such property to her own use.

In violation of Title 18, United States Code, Sections 641 and 2(a).

5. The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense to which she will plead guilty. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the facts set forth below beyond a reasonable doubt. The defendant admits to these facts and agrees that those facts establish her guilt beyond a reasonable doubt.

Katerica Johnson of Milwaukee was associated with B.T. from about November 2020 to about April 2021. Johnson worked in the Wisconsin Department of Workforce Development ("WI DWD") as an unemployment compensation associate claims processor from June 2020 to November 2021, and in this role approved pandemic unemployment assistance ("PUA") compensation claims using her unique identifying number, "Adjudicator 2213." PUA compensation was funded in part by the United States' government.

B.T. engaged in a scheme to submit and cause to be submitted false and fraudulent PUA applications and claims to the WI DWD. B.T. persuaded Johnson to process the applications and claims, which were in B.T.'s name and the names of others solicited by B.T., using her unique identifying number, Adjudicator 2213. As a result of the scheme, WI DWD approved over $212,000 in fraudulent PUA claims. Johnson received a portion of the scheme proceeds from B.T.

For example, as charged in the information, on April 20, 2021, B.T. transferred $700 in

2

stolen federal pandemic unemployment funds from B.T.'s Educators Credit Union account to Johnson's Educators Credit Union account, which Johnson then used for her own benefit.

This information is provided for the limited purpose of setting forth a factual basis for the defendant's plea of guilty. It is not a full recitation of the defendant's knowledge of or participation in the offense.

## PENALTIES

6. The parties understand and agree that the charge to which the defendant will plead guilty set forth in the information carries the following maximum term of imprisonment and fines: one year and $100,000, and a maximum of one year of supervised release. The count also carries a mandatory special assessment of $25. The parties further recognize that a restitution order may be entered by the court.

## ELEMENTS

7. The parties understand and agree that in order to sustain the charge of theft of government property, as set forth in the information, the government must prove each of the following propositions beyond a reasonable doubt:

First, the money described in the information belonged to the United States;

Second, the money had a value that was less than $1,000; and

Third, the defendant embezzled that money and converted it to her own use.

## SENTENCING PROVISIONS

8. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

3

9. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant and the sentencing factors set forth in 18 U.S.C. § 3553(a).

10. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in the information to which the defendant will plead guilty. The defendant acknowledges and agrees that her attorney in turn has discussed the applicable sentencing guidelines provisions with her to the defendant's satisfaction.

11. The parties acknowledge and understand that before sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of defendant's criminal history.

**Sentencing Guidelines Calculations**

12. The parties acknowledge, understand, and agree that the sentencing guidelines calculations included in this agreement represent the positions of the parties on the appropriate sentence range under the sentencing guidelines. The defendant retains her right to litigate specific points at a sentencing hearing. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable

4

sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

13.     The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which defendant is pleading guilty.

### Base Offense Level

14.     The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in the information under Sentencing Guidelines Manual § 2B1.1(a)(2) is 6. The parties further agree that a 10-level enhancement for loss in excess of $150,000 pursuant to § 2B1.1(b)(1)(F) is applicable to the offense charged in the information.

15.     Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

16.     Both parties reserve the right to make any recommendation regarding any matters not specifically addressed by this agreement.

17.     The parties acknowledge and understand that the government will recommend a sentence within the sentencing guideline range, as determined by the court.

5

## Court's Determination at Sentencing

18.     The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement.   The United States Probation Office will make its own recommendations to the sentencing court.   The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above.

19.     The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

20.     The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable in full upon entry of the judgment of conviction.   The defendant agrees not to request any delay or stay in payment of any and all financial obligations.   If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

### Special Assessment

21.     The defendant agrees to pay the special assessment in the amount of $25 before or at the time of sentencing.

### Restitution

22.     The defendant agrees to pay restitution in the amount of $700 at or before the time of sentencing to the United States Treasury Department.   The defendant understands that because restitution for the offense is mandatory, the amount of restitution shall be imposed by

6

the court regardless of the defendant's financial resources. The defendant agrees to cooperate in efforts to collect the restitution obligation. The defendant understands that imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action.

## DEFENDANT'S COOPERATION

23.     The defendant, by entering into this agreement, further agrees to fully and completely cooperate with the government in its investigation of this and related matters, and to testify truthfully and completely before the grand jury and at any subsequent trials or proceedings, if asked to do so.

## DEFENDANT'S WAIVER OF RIGHTS

24.     In entering this agreement, the defendant acknowledges and understands that in so doing she surrenders any claims she may have raised in any pretrial motion, as well as certain rights which include the following:

   a.     If the defendant persisted in a plea of not guilty to the charge against her, she would be entitled to a speedy and public trial by a court or jury.   The defendant has a right to a jury trial.   However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b.     If the trial is a jury trial, the jury would be composed of twelve citizens selected at random.   The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.   The jury would have to agree unanimously before it could return a verdict of guilty.   The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

7

d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and she would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on her own behalf. The defendant would be entitled to compulsory process to call witnesses.

e. At such trial, defendant would have a privilege against self-incrimination so that she could decline to testify and no inference of guilt could be drawn from her refusal to testify. If defendant desired to do so, she could testify on her own behalf.

25. The defendant acknowledges and understands that by pleading guilty she is waiving all the rights set forth above. The defendant further acknowledges the fact that her attorney has explained these rights to her and the consequences of her waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

26. The defendant acknowledges and understands that she will be adjudicated guilty of the offense to which she will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms, and to be employed by a federally insured financial institution.

27. The defendant knowingly and voluntarily waives all claims she may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment. The defendant agrees that any delay between the filing of this agreement and the

8

entry of the defendant's guilty plea pursuant to this agreement constitutes excludable time under the Speedy Trial Act.

28. Based on the government's concessions in this agreement, the defendant knowingly and voluntarily waives her right to appeal her conviction or sentence in this case and further waives her right to challenge her conviction or sentence in any post-conviction proceeding, including but not limited to a motion pursuant to 28 U.S.C. § 2255. As used in this paragraph, the term "sentence" means any term of imprisonment, term of supervised release, term of probation, supervised release condition, fine, forfeiture order, and restitution order. The defendant's waiver of appeal and post-conviction challenges includes the waiver of any claim that (1) the statutes or Sentencing Guidelines under which the defendant is convicted or sentenced are unconstitutional, and (2) the conduct to which the defendant has admitted does not fall within the scope of the statutes or Sentencing Guidelines. This waiver does not extend to an appeal or post-conviction motion based on (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, such as race, religion, or sex, (3) ineffective assistance of counsel in connection with the negotiation of the plea agreement or sentencing, or (4) a claim that the plea agreement was entered involuntarily.

### Further Civil or Administrative Action

29. The defendant acknowledges, understands, and agrees that the defendant has discussed with her attorney and understands that nothing contained in this agreement is meant to limit the rights and authority of the United States of America or any other state or local government to take further civil, administrative, or regulatory action against the defendant, including but not limited to any listing and debarment proceedings to restrict rights and

9

opportunities of the defendant to contract with or receive assistance, loans, and benefits from United States government agencies.

## GENERAL MATTERS

30. The parties acknowledge that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

31. The parties acknowledge that this plea agreement will be filed and become part of the public record in this case.

32. The parties acknowledge that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

33. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

34. The defendant acknowledges and understands if she violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. If this plea agreement is revoked or if the defendant's conviction ultimately is overturned, then the government retains the right to file any and all charges which were not filed because of this agreement. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant

10

as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. If the defendant and her attorney have signed a proffer letter in connection with this case, then the defendant further acknowledges and understands that she continues to be subject to the terms of the proffer letter.

## VOLUNTARINESS OF DEFENDANT'S PLEA

35. The defendant acknowledges, understands, and agrees that she will plead guilty freely and voluntarily because she is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

11

# ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/11/2026

KATERICA JOHNSON
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/12/2026

JOHN W. CAMPION
Attorney for Defendant

For the United States of America:

Date: 3/12/2026

BRAD D. SCHIMEL
United States Attorney

Date: 3/12/2026

STEPHEN A. INGRAHAM
Assistant United States Attorney

12